Michael A. Caddell (SBN 249469)
Cynthia B. Chapman (SBN164471)
Amy E. Tabor (SBN 297660)
Caddell & Chapman
628 East 9th Street
Houston, TX 77007
Telephone: 713-751-0400
Facsimile: 713-751-0906
mac@caddellchapman.com
cbc@caddellchapman.com
aet@caddellchapman.com

*Attorneys for Plaintiff*

Additional attorneys listed on signature page.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SUNG KANG**, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.**,<br><br>*Defendant*. | Case No.:8:18-cv-830<br><br>**COMPLAINT**<br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1. This is a consumer class action based upon Defendant Experian Information Solutions, Inc.'s widespread violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x ("FCRA"). Defendant is regulated as a consumer reporting agency ("CRA") under the FCRA. Defendant is also similarly regulated as a consumer credit reporting agency ("CCRA") under the California Consumer

Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785.1 – 1787.3. The rights of consumers to inspect and correct consumer information sold about them reside at the heart of the FCRA and the CCRAA. Defendant deprives consumers of these rights by willfully failing to comply with the FCRA and the CCRAA and refusing to provide consumers with all information it sells about them to third parties. Specifically, Defendant uniformly fails to disclose information about whether a given consumer is reported as purportedly included on the Office of Foreign Assets Control ("OFAC"), Specifically Designated National and Blocked Persons ("SDN") list, which includes terrorists, money launderers, and narcotics traffickers. As a result, Defendant deprives consumers of rights afforded to them by the FCRA and the CCRAA to obtain a copy of and review the information that the Defendant sells about them. Defendant furthermore fails to comply with its obligations under the FCRA and CCRAA to allow consumers to dispute and to have corrected any inaccurate or incomplete information that the Defendant is reporting and to maintain reasonable procedures to assure the maximum possible accuracy of that information before it sells it to any third party in a consumer report.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Sung Kang is an adult individual who resides in Los Angeles, California.

5. Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian") is a consumer reporting agency that regularly conducts business in the Central District of California and which has a principal place of business located at


Francis & Mailman, P.C.
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
215-735-8600 (T) | 215-940-8000 (F)

475 Anton Boulevard, Costa Mesa, CA 92626.

## FACTUAL ALLEGATIONS

**A. Defendant Has Known For Years That It Must Provide Consumers With All OFAC Information in Their Experian Files But Fails To Do So**

6. Defendant is one of the "big three" credit reporting agencies (singular "CRA") in the U.S.

7. Defendant sells consumer reports (commonly called "credit reports") about millions of consumers annually.

8. Defendant is regulated by the FCRA and its state analogue, the CCRAA.

9. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010).

10. In furtherance of that goal, the FCRA mandates that each CRA provide consumers with access to the information sold about them to third parties and also provide consumers with an opportunity to review and dispute any inaccuracies in their credit files. *See* 15 U.S.C. §§ 1681g(a) and 1681i(a).

11. Specifically, the FCRA requires each CRA to provide consumers with copies of their consumer files without charge every twelve months, after a credit denial, and in other limited circumstances. *See* 15 U.S.C. § 1681g(a).

12. The term "file," when used in connection with information on any consumer, means "***all*** of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g) (emphasis added).

13. "Congress clearly intended the protections of the FCRA to apply to all information furnished or that might be furnished in a consumer report" and a FCRA "'file' denotes all information on the consumer that is recorded and retained by a


Francis & Mailman, P.C.
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
215-735-8600 (T) | 215-940-8000 (F)

consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." *Cortez*, 617 F.3d at 711–12 (*citing Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007)).

14. After obtaining and reviewing a copy of their files, consumers have the right to dispute any inaccurate information in their credit files and to have errors corrected by the CRA, usually within 30 days of their disputes. *See* 15 U.S.C. § 1681i(a).

15. In a seminal decision against another national CRA, Trans Union, LLC, the Third Circuit held that "OFAC alerts" are part of a consumer's credit file and must be included in a file disclosure provided to the consumer. "We hold that information relating to the OFAC alert is part of the consumer's 'file' as defined in the FCRA." *Cortez*, 617 F.3d at 712.

16. An OFAC alert is a specific type of data provided by consumer reporting agencies on credit reports signifying that the subject of the report is purportedly included in the list of the Office of Foreign Assets Control's Specially Designated National and Blocked Persons, which list includes terrorists, money launderers, and narcotics traffickers.

17. In *Cortez*, Trans Union had contended that it did not need to reinvestigate or correct erroneous OFAC alerts that it placed on consumer reports allegedly because the OFAC alerts were not part of the consumer's file. *Id.* at 713. The Third Circuit rejected these arguments. *Id.*

18. The Third Circuit in *Cortez* specifically found Trans Union liable for failing to disclose OFAC alerts in consumer files and for failing to reinvestigate and correct an OFAC alert erroneously attributed by Trans Union to the wrong consumer. *Id.* at 712–13.

19. Additionally, a federal court certified an 8,192-person class of consumers negatively affected by Trans Union's failure to maintain reasonable procedures to prevent inaccurate association of consumers with individuals on the



Francis & Mailman, P.C.
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
215-735-8600 (T) | 215-940-8000 (F)

SDN list and its failure to disclose OFAC-related information to consumers upon their request. *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 413 (N.D. Cal. 2014).

**B. Despite Clear Circuit Court Guidance, Subsequently Followed by District Courts, Defendant Fails to Provide All the Information in Consumers' Files to Consumers Who Request Same and Fails to Maintain Reasonable Procedures to Assure the Maximum Possible Accuracy of OFAC-Related Information**

20. Nonetheless, despite clear circuit court precedent regarding the reporting of OFAC information by CRAs, Defendant compiles and sells reports about consumers that include OFAC "Hits," its version of alerts, without including the same OFAC information in the consumer file disclosures that it provided to those same consumers directly.

21. Defendant also misinformed consumers about their right to dispute such inaccurate OFAC alert information and to have it corrected pursuant to the FCRA and failed to reinvestigate and correct such errors upon consumers' requests.

22. At all times relevant to this action, Defendant, as a matter of its normal course and practice, and despite the Third Circuit's decision in *Cortez*, fails to include the OFAC alerts that it reports about consumers to third parties in the consumers' own files, which consumers, as of right, may request and obtain from the Defendant.

23. Also as a matter of common practice, Defendant does not advise consumers that they may dispute inaccurate OFAC alerts and thus does not reinvestigate such disputes or correct such errors.

24. Defendant also fails to maintain reasonable procedures to assure the maximum possible accuracy of the OFAC alert information it sells about consumers in the first place. *See* 15 U.S.C. § 1681e(b).

25. OFAC alert information, as part of the consumer's file and report, is also subject to the maximum possible accuracy standard, as the Third Circuit specifically advised: "OFAC information included in a consumer report and sold



Francis & Mailman, P.C.
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
215-735-8600 (T) | 215-940-8000 (F)

about a consumer falls within the purview of the FCRA, and the 'maximum possible accuracy standard.' Trans Union remains responsible for the accuracy in its reports under the FCRA and it cannot escape that responsibility as easily as it suggests here. Congress clearly intended to ensure that credit reporting agencies exercise care when deciding to associate information with a given consumer, and the record clearly supports the jury's determination that Trans Union did not exercise sufficient care here." *Cortez*, 617 F.3d at 710.

26. In *Cortez*, the defendant had mixed the plaintiff in the case with the OFAC records of a person with a similar, but not identical name, who was some twenty years younger than that plaintiff.

27. Upon information and belief, despite the abundant notice it has regarding the unlawfulness of such procedures, Defendant here fails to use all of the available information about consumers to determine whether to associate them with criminals on the OFAC list and does not use the available information to rule out clear mismatches.

28. For example, Defendant matched Plaintiff to the OFAC record of a criminal with a similar, but not identical, name, whose year of birth was nearly thirty years earlier than Plaintiff's and on a different date.

29. Defendant also matched Plaintiff, a natural person, to a shipping vessel.

30. Defendant's practices for matching consumers to records on the OFAC list are uniform and not unique to each consumer or transaction.

31. Defendant's standardized procedures regularly result in the inclusion of OFAC records on the consumer reports of consumers who have no connection to the OFAC criminals associated with them.

32. Defendant does so because Defendant always seeks to have some information available for sale to its customers (accurate or not), in order to maximize its profits. Defendant thus intentionally employs procedures that


Francis & Mailman, P.C.
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
215-735-8600 (T) | 215-940-8000 (F)

maximize the likelihood of match between any inquiry and some data in its database about one or more consumers. Defendant thus intentionally compromises accuracy in its efforts to increase sales.

33. Defendant's reporting of OFAC alert information is not accidental nor a result of simply negligence, but instead a result of deliberately designed policies and procedures.

**C. Mr. Kang's Experience**

34. Plaintiff is but one consumer about whom Defendant sold inaccurate OFAC information which it did not disclose on his file disclosure.

35. On or about November 16, 2017, Plaintiff went to Reeves Honda in Huntington Beach, California with his father to purchase a car.

36. Plaintiff decided to purchase a 2014 Honda Accord LX and applied for an automobile loan with a Reeves Honda sales representative.

37. The Reeves Honda sales representative requested the Plaintiff's personal identifying information, including his name, address, social security number, and date of birth, which Plaintiff provided, and ordered an Experian consumer report regarding Plaintiff, transmitting Plaintiff's personal identifying information to Defendant in the process.

38. Defendant prepared a consumer report purportedly about Plaintiff on the same day and sold it to Reeves Honda for a fee.

39. Despite having been provided with Plaintiff's name, address, social security number, and date of birth, Defendant used a partial "name only" match in determining whether Plaintiff was on the OFAC list.

40. The consumer report prepared by Defendant contained a section labelled "Red Flag Compliance" and, underneath the words "HIT OFAC Check," included "OFAC Search results for SUNG KANG" and two rectangular boxes containing information purportedly pertaining to Plaintiff:



Francis & Mailman, P.C.
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
215-735-8600 (T) | 215-940-8000 (F)

Score: **94%**
Entity Number **23184**
Program:
Name: **KANG SONG 1**
Remarks: **Vessel Registration Identification IMO 6908096; Linked To: KOREA KUMBYOL TRADING COMPANY**

Score: **94%**
Entity Number **20130**
Program:
Name: **KANG, Song Nam**
Remarks: **DOB [redacted]; POB North P'yo'ngan Province, North Korea; citizen Korea, North; Passport 654410025 (Korea, North) expires 14 Oct. 2019; Bureau Director; Linked To: MINISTRY OF STATE SECURITY.**
Address:
City:
Country: **Korea, North**

41. Neither of the OFAC records included on Defendant's report pertains to Plaintiff: one pertains to a shipping vessel; and the other, to a North Korean state official with a date of birth nearly thirty years before Plaintiff's.

42. The Reeves Honda sales representative showed Plaintiff a copy of the Experian consumer report including the OFAC information and explained that OFAC alerts pertain to terrorists and other enemies of the United States.

43. Plaintiff was horrified and embarrassed to be associated with North Korean agents, assets, or other terrorists, particularly in public and in front of his father.

44. For reasons that are unclear to Plaintiff, Reeves Honda refused to allow him to obtain the car loan in his own name as he intended, and instead required him to have a co-signer for the loan.

45. Persons on the OFAC list are legally ineligible for credit in the United States, may not be employed, and may even be subject to deportation or criminal prosecution depending upon the circumstances.


Francis & Mailman, P.C.
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
215-735-8600 (T) | 215-940-8000 (F)

46. Plaintiff wanted to avoid inaccurate association with OFAC criminals in the future and therefore reached out to Experian to fix the problem.

47. Plaintiff requested and thereafter received an Experian file disclosure, which was dated November 30, 2017 and mailed to Plaintiff from Defendant's consumer relations center in Allen, Texas.

48. The November 30, 2017 file disclosure included Plaintiff's personal identifying information, information about his various credit accounts, and information about inquiries for his credit history, including the November 16, 2017 credit inquiry by Reeves Honda.

49. Plaintiff's November 30, 2017 consumer file disclosure did not, however, include any OFAC alert or information whatsoever and thus was not a complete and proper file disclosure as required by FCRA section 1681g(a).

50. Upon information and belief, neither Plaintiff nor any of the Class members as set forth below were provided upon request with consumer file disclosures which included the false OFAC hit that the Defendant was reporting about them to third parties.

51. As a result of Defendant's failure to provide Plaintiff with all of the information it maintains and/or sells about him, specifically the OFAC hit information, Plaintiff was misled concerning the information that Defendant was reporting about him to third parties and deprived of the opportunity to dispute and correct the inaccurate OFAC hit that Defendant inaccurately associated with him on his report.

52. Confused, but nevertheless desiring to have the OFAC information removed from his Experian credit file, Plaintiff wrote to Defendant describing his experience at the car dealership and requesting that any OFAC information be removed from his file.

53. On or about March 10, 2018, Experian sent Plaintiff "Dispute Results" indicating that it had "completed the processing of [Plaintiff's] dispute(s)," which



Francis & Mailman, P.C.
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
215-735-8600 (T) | 215-940-8000 (F)

Defendant misinterpreted as a "request to remove a name or Social Security number on [his] personal credit report."

54. The March 10, 2018 correspondence did not mention the OFAC information. In fact, it did not mention OFAC at all.

55. Plaintiff is unsure whether information erroneously associating him with a North Korean state official apparatus remains in his Experian credit file and fears that Defendant may continue to report it to third parties.

56. As of result of Defendant's conduct, Plaintiff has suffered damages in the form of (a) lost credit opportunity, (b) harm to reputation, (c) emotional distress, and (d) deprivation of information guaranteed by Congress.

57. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment and under the direct supervision and control of the Defendant herein.

58. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants, and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CLASS ACTION ALLEGATIONS

59. Plaintiff brings this action on behalf of the following Classes:

(a) **For Defendant's violations of FCRA § 1681g(a)**: All persons residing in the United States and its Territories who during the period beginning five (5) years prior to the filing of this Complaint and continuing through the date of the resolution of this case for whom Experian maintained any OFAC record in their consumer file, had previously furnished a consumer report about them including any OFAC record to a third party, and/or for whom a consumer report about them delivered to a third party would include any OFAC record, and to whom Experian sent a file disclosure substantially similar in form to the November


Francis & Mailman, P.C.
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
215-735-8600 (T) | 215-940-8000 (F)

30, 2017 file disclosure from Defendant to Plaintiff that did not include any OFAC information.

(b) **For Defendant's violations of CCRAA § 1785.10:** All persons residing in the State of California who during the period beginning seven (7) years prior to the filing of this Complaint and continuing through the date of the resolution of this case for whom Experian maintained any OFAC record in their consumer file, had previously furnished a consumer report about them including any OFAC record to a third party, and/or for whom a consumer report about them delivered to a third party would include any OFAC record, and to whom Experian sent a file disclosure substantially similar in form to the November 30, 2017 file disclosure from Defendant to Plaintiff that did not include any OFAC information.

60. Plaintiff brings this action on behalf of the following Classes:

(a) **For Defendant's violations of FCRA § 1681e(b)**: All persons residing in the United States and its Territories who, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, had a consumer report sold about them by Experian which included an OFAC record.

(b) **For Defendant's violations of CCRAA § 1785.14(b):** All persons residing in the State of California who, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, had a consumer report sold about them by Experian which included an OFAC record.

61. Plaintiff brings this action on behalf of the following Classes:

(a) **For Defendant's violations of FCRA § 1681i:** All persons residing in the United States and its Territories who, during the two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, disputed the presence of inaccurate OFAC-related information in their Experian files and for whom Experian did not remove the information.



Francis & Mailman, P.C.
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
215-735-8600 (T) | 215-940-8000 (F)

(b) **For Defendant's violations of CCRAA § 1785.16:** All persons residing in the State of California who, during the two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, disputed the presence of inaccurate OFAC-related information in their Experian files and for whom Experian did not remove the information or send notice that Experian had terminated its reinvestigation of the dispute within five business days of determining that the dispute was frivolous or irrelevant.

62. The Classes are so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the Classes number in the thousands.

63. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. The principal questions concern whether the Defendant willfully and/or negligently violated the FCRA and/or the CCRAA by failing to provide consumers with access to all information contained in their consumer files, as well as whether the Defendant follows reasonable procedures to assure the maximum possible accuracy of the information contained in consumers' files with respect to OFAC information.

64. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts and are based on the same legal theories.

65. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

66. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members,



Francis & Mailman, P.C.
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
215-735-8600 (T) | 215-940-8000 (F)

which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

67. Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the CCRAA Classes each as a whole.

68. Whether Defendant violated the FCRA and/or the CCRAA can be easily determined by Defendant’s policies and a ministerial inspection of Defendant’s business records.

69. A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the Classes’ claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be derived from Defendant’s records.

## CLAIMS *for* RELIEF

## COUNT I – VIOLATION OF THE FCRA § 1681g(a)

70. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

71. Pursuant to section 1681n of the FCRA, Defendant is liable for willfully failing to provide consumers such as Plaintiff, upon request, with all information in the consumer’s file in violation of 15 U.S.C. § 1681g(a).

WHEREFORE, Plaintiff respectfully prays that an order be entered:

(a) certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b) entering judgment in favor of Plaintiff and the Class and against Defendant for statutory and punitive damages for violation of 15 U.S.C. §1681g,



Francis & Mailman, P.C.
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
215-735-8600 (T) | 215-940-8000 (F)

pursuant to 15 U.S.C. § 1681n;

(c) awarding costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n; and

(d) granting such other and further relief as may be just and proper.

**COUNT II – VIOLATION OF THE CCRAA § 1785.10**

72. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length here.

73. Defendant is a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

74. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).

75. The above-mentioned credit reports were "consumer credit reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

76. Pursuant to Cal. Civ. Code § 1785.31, Defendant is liable for violating the CCRAA by failing to provide consumers, upon request, with a copy of their disclosure containing all information on that consumer in violation of Cal. Civ. Code § 1785.10 with respect to Plaintiff and the Class.

WHEREFORE, Plaintiff respectfully prays that an order be entered:

(a) certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b) entering judgment in favor of Plaintiff and the Class and against Defendant for damages of $100 to $5,000 per Class member per violation under the CCRAA;

(c) awarding injunctive relief under the CCRAA;

(d) awarding costs and reasonable attorney's fees under the CCRAA; and

(e) awarding such other and further relief as may be necessary, just and proper.



Francis & Mailman, P.C.
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
215-735-8600 (T) | 215-940-8000 (F)

**COUNT III – VIOLATIONS OF THE FCRA § 1681g(c)**

77. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length here.

78. Pursuant to section 1681n of the FCRA, Defendant is liable for willfully failing to provide consumers such as Plaintiff with a summary of their rights, which are required to be included with consumer disclosures, including the right to dispute information contained therein, in violation of 15 U.S.C. § 1681g(c).

WHEREFORE, Plaintiff respectfully prays that an order be entered:

(a) certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b) entering judgment in favor of Plaintiff and the Class and against Defendant for statutory and punitive damages for violation of 15 U.S.C. § 1681g, pursuant to 15 U.S.C. § 1681n;

(c) that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n;

(d) and that the Court grant such other and further relief as may be just and proper.

**COUNT IV – VIOLATION OF THE CCRAA § 1785.15(f)**

79. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length here.

80. Defendant is a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

81. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).

82. The above-mentioned credit reports were "consumer credit reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

83. Pursuant to Cal. Civ. Code § 1785.31, Defendant is liable for violating the CCRAA by willfully failing to provide consumers such as Plaintiff with a


Francis & Mailman, P.C.
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
215-735-8600 (T) | 215-940-8000 (F)

summary of their rights, which is required to be included with consumer disclosures, including the right to dispute information contained therein, in violation of CCRAA § 1785.10, with respect to Plaintiff and the Class.

WHEREFORE, Plaintiff respectfully prays that an order be entered:

(a) certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

(b) entering judgment in favor of Plaintiff and the Class and against Defendant for damages of $100 to $5,000 per Class member per violation under the CCRAA;

(c) awarding injunctive relief under the CCRAA;

(d) awarding costs and reasonable attorney's fees under the CCRAA; and

(e) awarding such other and further relief as may be necessary, just and proper.

**<u>COUNT V – VIOLATION OF THE FCRA § 1681e(b)</u>**

84. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length here.

85. Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable for negligently and willfully failing to maintain reasonable procedures to assure maximum possible accuracy of the consumer reports it sold in violation of 15 U.S.C. § 1681e(b).

WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for statutory, actual and punitive damages for violation of 15 U.S.C. §1681e(b), pursuant to 15 U.S.C. §§ 1681n and 1681o; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and that the Court grant such other and further relief as may be just and proper.


Francis & Mailman, P.C.
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
215-735-8600 (T) | 215-940-8000 (F)

**COUNT VI – VIOLATION OF THE CCRAA § 1785.14(b)**

86. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length here.

87. Defendant is a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

88. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).

89. The above-mentioned credit reports were "consumer credit reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

90. Pursuant to Cal. Civ. Code § 1785.14(b), Defendant is liable for violating the CCRAA by failing to follow reasonable procedures to assure "maximum possible accuracy" of the reports it sold, in violation of Cal. Civ. Code § 1785.14(b) with respect to Plaintiff and the Class.

WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for damages of $100 to $5,000 per Class member per violation under the CCRAA; that judgment be entered for Plaintiff and the Class against Defendant for actual damages under the CCRAA; that judgment be entered for Plaintiff and the Class against Defendant for actual damages under the CCRAA; that the Court award injunctive relief under the CCRAA; that the Court award costs and reasonable attorney's fees under the CCRAA; and such other and further relief as may be necessary, just and proper.

**DEMAND *for* JURY TRIAL**

91. Plaintiff demands trial by jury on all issues.



Francis & Mailman, P.C.
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
215-735-8600 (T) | 215-940-8000 (F)

Dated May 11, 2018

Respectfully submitted,

**CADDELL & CHAPMANSUN**

By: *<u>/s/ Michael A. Caddell</u>*

Michael A. Caddell (SBN249469)
Cynthia B. Chapman (SBN 166471)
Amy E. Tabor (SBN 297660)
**CADDELL & CHAPMAN**
628 East 9th Street
Houston, TX 77007
Telephone: 713-751-0400
Facsimile: 713-751-0906
mac@caddellchapman.com
cbc@caddellchapman.com
aet@caddellchapman.com

James A. Francis*
John Soumilas*
**FRANCIS & MAILMAN, P.C.**
Land Title Building
100 South Broad Street, Suite 1902
Philadelphia, PA 19110
T: 215-735-8600
F: 215-940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com

*Attorneys for Plaintiff and Classes*

*motion to appear *pro hac vice* forthcoming